IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42455-TLS |
| | ) | |
| VINCENT EDWARD PIALET and | ) | CH. 7 |
| VALERIE KAY PIALET, | ) | |
| | ) | |
| Debtors. | ) | |

# ORDER

Hearing was held in Lincoln, Nebraska, on April 24, 2013, on Debtors' motion to reopen a closed Chapter 7 case (Fil. #19) with an objection filed by creditor Colorado Machinery, LLC (Fil. #23). George E. Brugh appeared for Debtors and Benjamin E. Moore appeared for Colorado Machinery, LLC ("Colorado Machinery").

Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on September 14, 2011, and received their discharge on January 26, 2012. Debtors now seek to reopen their bankruptcy case for the purpose of adding a creditor, Colorado Machinery, to their schedules and obtaining a discharge of any debt owed to Colorado Machinery. For the reasons set forth below, the motion is denied.

On December 21, 2007, Colorado Machinery obtained a default judgment in the District Court of El Paso County, Colorado, in a case entitled "Colorado Machinery, LLC v. Lucky's Landscaping and Construction, Inc.; Jeffrey S. Mitchell." The judgment was entered against "Kelly Cain and Vincent Pailet [sic]," jointly and severally in the principal amount of $31,814.30, trebled to $95,443.14, plus attorney fees, costs, and post-judgment interest. Debtors argue (but present no evidence) that they failed to include Colorado Machinery in their bankruptcy schedules because they were unaware of the pre-petition litigation and judgment in Colorado. They wish to reopen the case, add Colorado Machinery as a disputed creditor, challenge the default judgment in the Colorado state court, and provide Colorado Machinery an opportunity to file an action to determine the dischargeability of its alleged debt.

The default judgment obtained by Colorado Machinery is based upon a violation of Colorado's trust fund statute, Colo. Rev. Stat. § 38-22-127. It asserts that claims based upon a violation of that statute are nondischargeable pursuant to 11 U.S.C. § 523(a)(4). *See Fowler & Peth, Inc. v. Regan (In re Regan)*, 2007 WL 1346576, Case No. 04-cv-1483-LTB, at *3 (D. Colo. May 4, 2007); *see also Stetson Ridge Assoc., Ltd. v. Walker (In re Walker)*, 325 B.R. 598, 601-02 (D. Colo. 2005).

A discharge in a Chapter 7 case discharges the debtor from all debts that arose before the case was filed, except those that are excepted from discharge. 11 U.S.C. § 727(b). The exceptions to discharge are listed in 11 U.S.C. § 523. As explained by the Eighth Circuit Bankruptcy Appellate Panel:

> There are nineteen exceptions to discharge listed in § 523(a) and all but three are self-effectuating. *Palmer v. Nordin (In re Nordin)*, 299 B.R. 915 (B.A.P. 8th Cir. 2003). By self-effectuating, we mean that no action is required before the discharge is entered. The debts are excepted from discharge simply because of the nature of the debts. Obviously, there may be later disputes . . . over whether the debt fell into one of the appropriate categories. "Thus while it is not entirely obvious, careful analysis reveals that the scope of a discharge is final when entered and subsequent events do not change what debts were or were not discharged by that discharge. However, under § 523, certain debts were excepted from that discharge when entered." *In re Anderson*, 72 B.R. 495, 496 (Bankr. D. Minn. 1987).

*Everly v. 4745 Second Ave., Ltd. (In re Everly)*, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006) (footnote omitted).

The three exceptions to discharge that are not self-effectuating are debts of a kind listed in §§ 523(a)(2), (4), or (6). Creditors holding those types of debts must file a complaint to determine dischargeability no later than 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c). A failure to timely file such a complaint will result in the discharge of those debts. *Everly*, 346 B.R. at 796 (citing 11 U.S.C. § 523(c)(1)).

Presumably, had it received notice or if this case is reopened, Colorado Machinery would file a claim that relies, in part, on 11 U.S.C. § 523(a)(4), which is the exception from discharge for fraud or defalcation while acting in a fiduciary capacity. It is undisputed that Debtors did not schedule any obligation owed to Colorado Machinery or otherwise provide notice of the bankruptcy filing to Colorado Machinery prior to the deadline for filing a complaint for determination of dischargeability. Further, Colorado Machinery submitted an affidavit of its credit manager asserting that the entity did not have notice of the bankruptcy or the deadline to file complaints to determine dischargeability. Indeed, Debtors do not assert that they had given such notice to Colorado Machinery because Debtors claim they were unaware of any obligation owed to that entity.

Creditors such as Colorado Machinery who miss the deadline for filing dischargeability complaints due to a lack of notice of the bankruptcy filing still have a remedy. Among the self-effectuating exceptions to discharge is 11 U.S.C. § 523(a)(3). That section contains an exception to discharge for debts that are neither listed nor scheduled in time to permit –

> if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt . . ., unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3)(B).

This provision protects creditors who missed the deadline for filing § 523(c) complaints because they were not properly scheduled. *Everly*, 346 B.R. at 796 (citing *Peterson v. Anderson (In*

*re Anderson)*, 72 B.R. 783, 786 (Bankr. D. Minn. 1987)). Importantly, there is no bankruptcy-created time limitation on filing a complaint under § 523(a)(3). *Id.* (citing *In re Honeycutt*, 228 B.R. 428, 430 (Bankr. E.D. Ark. 1998)). *See also Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003) ("The rules do not contain a deadline for filing a complaint under § 523(a)(3)."). Therefore, a complaint under § 523(a)(3) may be filed at any time. Fed. R. Bankr. P. 4007(b).

The Eighth Circuit Bankruptcy Appellate Panel has previously discussed § 523(a)(3) litigation when a state court is involved in the underlying claim. Rather than paraphrase, it is set out in its entirety as follows:

> Section 523(a)(3) litigation differs from § 523(a)(6) [and in this case, (a)(4)] litigation in two important ways: jurisdiction and timing. First, bankruptcy courts have exclusive jurisdiction to determine whether debts are non-dischargeable under § 523(a)(2), (4), or (6). A state court has jurisdiction, concurrent with the bankruptcy court, to determine the dischargeability of all other debts. Section 523(c)(1) states:
>
>> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.
>
> 11 U.S.C. § 523(c)(1).
>
> "The court" referred to in the statute is the bankruptcy court. By negative implication the bankruptcy court shares jurisdiction with other courts of competent jurisdiction over all other exceptions to discharge.
>
> Second, there is no bankruptcy created time limitation on filing a complaint under § 523(a)(3). *In re Honeycutt*, 228 B.R. 428, 430 (Bankr. E.D. Ark. 1998). A complaint other than under 11 U.S.C. § 523(c) may be filed at any time. Fed. R. Bankr. P. 4007(b).
>
> "In short, the penalty to the debtor for failing to schedule a [debt under § 523(a)(2)(4) or(6)] or otherwise inform the creditor of the bankruptcy is forfeiture of the right to enjoy exclusive federal jurisdiction and loss of the sixty-day limitations period applicable in the exclusive jurisdiction actions." *In re Jenkins*, 330 B.R. 625, 631 (Bankr. E.D. Tenn. 2005) (quoting *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin))*, 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995); Fed. R. Bankr. P. 4007(b).

   A § 523(a)(3) determination would go something like this. The creditor will commence an action on the debt in state court. Since discharge in bankruptcy is an affirmative defense, *see* Fed. R. Civ. P. 8(c) and [state law] Code Ann. R. 1.419, a defendant who claims the debt was discharged will plead discharge as a defense. The state court will then have to decide at least four things.

1. Is the debt of a kind described in § 523(a)(2), (4), or (6)?
2. Was the debt listed or scheduled (as that term has been interpreted) under § 521(a)(1) of the Bankruptcy Code with the name of the plaintiff?
3. Did the plaintiff have actual knowledge of the case in time to timely file an adversary proceeding in the bankruptcy court under § 523(a)(2), (4), or (6)?
4. Does the plaintiff's case have merit?

*Everly,* 346 B.R. at 796-97.

   The point of the foregoing is that there is no good reason to reopen this bankruptcy case to determine the dischargeability of any claim that may be asserted by Colorado Machinery. The District Court of El Paso County, Colorado, would need to be involved to determine the issues raised by the parties, including the sufficiency of service of process in that case on Vincent Pialet and whether the default judgment should be set aside. As shown above, the state court has concurrent jurisdiction to determine dischargeability under § 523(a)(3). There is no reason to have two courts involved when one court, the District Court of El Paso County, Colorado, has jurisdiction to decide all of the issues.

   IT IS, THEREFORE, ORDERED that Debtors' motion to reopen their Chapter 7 case (Fil. #19) is denied.

   DATED: May 6, 2013.

                      BY THE COURT:

                       /s/ Thomas L. Saladino
                       Chief Judge

Notice given by the Court to:
  *George E. Brugh
  Benjamin E. Moore
  John A. Wolf
  United States Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.